UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT W.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C21-85 BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the partial denial of his application for Supplemental Security Income. He contends the ALJ erroneously rejected three examining medical opinions and the case should be remanded.  Dkt. 10 at 1-2.  For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case with for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 58 years old, has a 10th-grade education, and has worked as a bell ringer, restaurant dishwasher, temporary laborer, and baggage handler.  Tr. 80, 238, 251-52. This case involves Plaintiff's February 2016 benefits applications and an amended alleged onset date of February 17, 2016.  Tr. 66, 215-23.  The application was denied initially and on reconsideration.  Tr. 154-57, 162-64.  The ALJ conducted a hearing in May 2018 (Tr. 59-93),

and subsequently found Plaintiff not disabled before August 31, 2018, but disabled thereafter.

Tr. 19-36.  The Appeals Council denied review making the ALJ's decision the Commissioner's

final decision.  Tr. 4-9.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two:**  Plaintiff has the following severe impairments: left ankle impairment (osteoarthritis, history of fracture); left shoulder impairment (osteoarthritis); obesity; and depressive disorder.

**Step three:**  These impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**  Plaintiff can perform light work with additional limitations: he is limited to occasional overhead reaching (above shoulder level) with the left upper non-dominant extremity; can frequently balance, stoop, and kneel; can occasionally climb ramps and stairs; can occasionally crouch; can never climb ladders, ropes, or scaffolds; can never crawl; and should avoid concentrated exposure to vibrations, hazards, and heights.  From a mental standpoint, the claimant can perform simple, routine tasks and follow short, simple instructions.  He can do work that needs little or no judgment and can perform simple duties that could be learned on the job in a short period.  He can work in proximity to co-workers, but not in a cooperative or team effort.  He requires a work environment that has no more than superficial interactions with co-workers.  He requires a work environment that is predictable and with few work setting changes.  He would not deal with the general public as in a sales position or where the general public is frequently encountered an essential element of the work process. Incidental contact of a superficial nature with the general public is not precluded.

**Step four:**  Plaintiff cannot perform his past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff could have performed prior to August 31, 2018, he was not disabled before that date.  Plaintiff became disabled on August 31, 2018, and has continued to be disabled through the date of the decision.

Tr. 19-36.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER PROCEEDINGS - 2

1

2

**DISCUSSION**

3

Plaintiff contends the ALJ erroneously rejected the psychological opinions of Melanie

4

Mitchell, Psy.D., Tasmyn Bowes, Psy.D., Phyllis Sanchez, Ph.D., and erred in giving weight to

the state agency doctors.

5

**A.**    **Dr. Mitchell**

6

Dr. Mitchell examined Plaintiff in January 2015 and completed a DSHS form opinion

7

finding Plaintiff has marked or severe functional limitations.  Tr. 416-28.  The ALJ gave "slight[]

8

weight" to Dr. Mitchell's opinion.  Tr. 30-31. The ALJ first discounted Dr. Mitchell's opinions

9

on the grounds she provided no explanation for her opinion. Substantial evidence does not

10

support the finding. Dr. Mitchell performed a clinical examination, noted Plaintiff's affect was

11

consistent with his mood ("pretty down"), appeared sullen and detached, had limited recent

12

memory, had impaired concentration; scored below average on standardized tests for

13

concentration, and had limited insight into his condition. Tr. 420.

14

Next, the ALJ rejected Dr. Mitchell because she reviewed "two year old DSHS

15

evaluations." Tr. 31. The ALJ did not explain why this was grounds to discount Dr. Mitchell's

16

opinions. The ALJ thus failed to provide a specific and legitimate reason to reject the doctor's

17

opinion and instead rejected the opinion based upon an impermissible conclusory reason.

18

The ALJ also erred in discounting in Dr. Mitchell's opinion based upon the purpose for

19

which she conducted her examination. *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996)

20

("The purpose for which medical reports are obtained does not provide a legitimate basis for

21

rejecting them.").

22

23

1    The ALJ further rejected Dr. Mitchell's opinion as inconsistent with treating sources who

2   found Plaintiff "largely able to function independently and satisfactorily (see Exhibit C-6-F)." Tr.

3   31. The Exhibit at C-6-F contains 16 pages of records from the Downtown Emergency Services

4   Mental Health Program. Tr. 394-409. The ALJ does not specify exactly why the records show

5   Plaintiff is functioning independently or satisfactorily. These records indicate Plaintiff suffers

6   from Major Depressive Disorder, recurrent, severe with psychotic behavior, other and

7   unspecified alcohol dependence, and opioid dependence in remission. Tr. 394. The reveal

8   Plaintiff may have a history of violence, endorsed past and present suicidal ideation, and has a

9   past history of substance use and presently used marijuana. Tr. 395.  The noted "client will

10   express feelings of hopelessness, feeling nobody cares about him, will discuss plans for self harm

11   and urges to use heroin. Client reports that he will stop eating and stay in bed all day." Tr. 396.

12   One progress note indicates Plaintiff failed to appear for an appointment because he "forgot." Tr.

13   397. In a record dated, April 21, 2016, Plaintiff reported he "is feeling pretty good." Tr. 398. On

14   May 19, 2016, Plaintiff reported he was struggling with anxiety; is dependent upon women who

15   pretend to care for him; doesn't know what he would do without medication; has occasional

16   thoughts of suicide; and makes himself go outside his house. Tr. 399. On June 19, 2016, Plaintiff

17   appear as calm and cooperative but with depressed mood and guarded affect. Tr. 401. On June

18   23, 2016, Plaintiff indicated he has been "okay" has occasional suicidal thoughts and struggles

19   with some anxiety. Tr. 402. In August, 2016 Plaintiff reported worsening suicidal thoughts,

20   increased isolation, and lack of motivation to do daily tasks, lack of pleasure doing hobbies and

21   increased anxiety.

22    Thus, the records relied upon by the ALJ do not establish Plaintiff is functioning

23   satisfactorily or normally. Rather they show Plaintiff has some good moments but appears to be

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER PROCEEDINGS - 4

1    persistently depressed, anxious, and sometimes suicidal. Substantial evidence does not support

2    the ALJ's finding and the ALJ accordingly erred.

3            Lastly, the ALJ rejected Dr. Mitchell's opinion because she "does not mention the

4    claimant's marijuana use." Tr. 31. The ALJ stated that this showed Dr. Mitchell does not have

5    "complete information regarding the claimant's mental health issues." *Id.* The statement Dr.

6    Mitchell might not have "complete information," does explain why Plaintiff's marijuana use is a

7    reasonable basis to discount her opinions. Additionally, there are no records contemporaneous

8    with Dr. Mitchell's examination establishing Plaintiff was using marijuana when the doctor

9    performed the examination in January 2015.

10           There are records from the Downtown Emergency Services Mental Health Program,

11   dated February 27, 2015, that noted Plaintiff admitted using "cannabis." Tr. 349. But these

12   records do not indicate Plaintiff was using marijuana in January 2015 when Dr. Mitchell

13   examined Plaintiff. Even assuming he was using marijuana, the ALJ provided no explanation for

14   the relevance of Plaintiff's use. Plaintiff's records from the Downtown Emergency Services

15   Mental Health Program indicate his treating doctors were aware of his past substance history and

16   current marijuana use. These records, however, do not indicate that Plaintiff does not suffer

17   serious mental illness or that marijuana use was the cause of Plaintiff's depression, anxiety, or

18   suicidal symptoms. In short, the ALJ provided no explanation as to how or why Plaintiff's

19   marijuana use affects the validity of Dr. Mitchell's opinion. The ALJ accordingly erred in

20   rejecting Dr. Mitchell's opinions.

21   **B.    Dr. Bowes**

22           The ALJ rejected Dr. Bowes' opinions for essentially the same reasons he rejected Dr.

23   Mitchell's opinions and accordingly erred in rejecting Dr. Bowes' opinions.

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER PROCEEDINGS - 5

**C.     Dr. Sanchez**

The ALJ rejected Dr. Sanchez's opinion as reliant Dr. Mitchell's previous evaluation, and for the same reasons he discounted Dr. Mitchell's opinions. As discussed above, the ALJ erred. The Court notes the ALJ also discounted Dr. Sanchez's opinion regarding Plaintiff's physical limitations. Plaintiff does not contest this finding as Dr. Sanchez did include any physical limitations in rendering her opinion about his mental health limitations.

**D.     State Agency Opinions**

Plaintiff argues the ALJ erred in crediting the State agency opinions over other opinions. The argument matters only if the ALJ rejected the opinions of Drs. Mitchel, Bowes, and Sanchez on the grounds the state agency doctors offered contrary opinions. The ALJ did not and even if he did, the opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506, n. 4; *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). As the ALJ erred in rejecting the opinions of three examining doctors, the Court need not belabor further the ALJ's past assessment of the State agency doctors. On remand, the ALJ shall reassess the examining doctors' opinions and thus must necessarily reassess the agency doctor opinions.

## CONCLUSION

For the reasons above, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The Commissioner has already found Plaintiff is disabled as of August 31, 2018. On remand, the ALJ shall therefore not disturb the final decision that Plaintiff is disabled as of August 31, 2018. On remand, the ALJ shall address Plaintiff's claim he was disabled before

August 31, 2018 and shall reassess the opinions of Drs. Mitchell, Bowes, and Sanchez, develop the record and redetermine Plaintiff's RFC as needed and proceed to the remaining steps as appropriate.

DATED this 6th day of October, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge